IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MC 121-011 |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and seeks to proceed *in forma pauperis* ("IFP") in the above-captioned case. She did not file a complaint, but rather a Motion for Order, in which Plaintiff asks the Court to order the Augusta Field Office of the Social Security Administration to pay her disability benefits because of alleged violations regarding the timing of an administrative hearing. (Doc. no. 1.) As explained below, the Court does not have jurisdiction to hear the case, and the matter must be dismissed.

I.   BACKGROUND

The Clerk of Court assigned Plaintiff's Motion for Order and motion to proceed IFP the above miscellaneous case number on March 30, 2021. The IFP motion is deficient in that it does not provide any financial information, let alone show that Plaintiff is unable to pay the $49.00 filing fee for a miscellaneous case. (See doc. no. 2.) This deficient IFP need not delay the Court, however, because the Court does not have jurisdiction to hear Plaintiff's claim.

In her motion for Order, Plaintiff simultaneously argues the Social Security Administration has taken too long to schedule her administrative hearing but now that she has a date assigned for an April hearing, she does not have adequate time to prepare. (See generally doc. no. 1.) In light of these alleged procedural improprieties, Plaintiff asks the Court to order immediate payment of the disability benefits she seeks. (See id.)

**II.     DISCUSSION**

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that her cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, Plaintiff appears to claim jurisdiction pursuant to a specific statutory grant. Indeed, as a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social

Security matters.[1]  See 42 U.S.C. § 405(g), (h); United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1103-04 (11th Cir. 1998).

However, pursuant to § 405(g), this Court has jurisdiction over social security cases only when there has been:  (1) a final decision made by the Commissioner after a hearing, (2) commencement of a civil action within sixty days of the mailing of notice of the Commissioner's decision, and (3) filing a civil action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763 (1975).  Furthermore, a claimant seeking social security benefits must complete a four-step process to exhaust the administrative appeals process before seeking review in federal court, to include requesting:  (1) an initial determination, (2) reconsideration of an unfavorable determination, (3) an administrative hearing before and Administrative Law Judge ("ALJ") if the reconsideration is unfavorable, and (4) review by the Appeals Council of any unfavorable decision by the ALJ.  See 20 C.F.R. §§ 404.902, 404.907, 404.929, 404.967.  Plaintiff concedes she has not exhausted the administrative appeals process, as the basis for her claim is that she does not approve of the timing of the administrative process.

The Court likewise does not have jurisdiction to hear Plaintiff's claim for denial of benefits because judicial review is only available for "final decisions" of the Commissioner of Social Security. 42 U.S.C. §§ 405(g), (h);  Califano v. Sanders, 430 U.S. 99, 108 (1977).  "A Social Security benefits decision is not final, allowing for judicial review, until the decision has

---

[1] Plaintiff's citation to 20 C.F.R. § 416.1483 is inapposite.  (Doc. no. 1, p. 3.)  That federal regulation addresses procedural issues *after* a case is remanded to the Social Security Administration.  It does not address when a federal court is authorized, in the first instance, to review a final administrative decision of the Social Security Administration.  See 20 C.F.R. § 416.1483, Case remanded by a Federal court.

gone through the entire four-step process, including Appeals Council review.  Given that [Plaintiff] does not yet have that 'final decision' of the Commissioner, the Court lacks jurisdiction to hear [her claim]." Walden o/b/o NBK v. Berryhill, CV 418-154, 2018 WL 3421606 (S.D. Ga. July 5, 2018), *adopted by* 2018 WL 3419268 (S.D. Ga. July 13, 2018).

Because Plaintiff has failed to plead sufficient facts to establish she is entitled to invoke the jurisdiction of the federal courts, her case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**, all pending motions be **TERMINATED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA